## Homer Fleming et al., Appellees, v. J. W. Anderson, Jr. et al. Nellie Correll and William Correll, Appellants.

### Gen. No. 6,874.

1. APPEAL AND ERROR, § 270*—*appealable orders.* Under Practice Act, sec. 123 (J. & A. ¶ 8661), an order "giving other or further powers to a receiver already appointed," is appealable.

2. RECEIVERS, § 33*—*power of court to authorize issue of receiver's certificates.* The court has power to authorize a receiver to issue certificates for the purpose of improvements for carrying on the business where it is for the best interest of all parties, without the consent of creditors and lien holders.

3. RECEIVERS § 33*—*rights of lien holders.* While the court may authorize a receiver to issue certificates for improvements for carrying on the business, it has no power to make such certificates superior to prior liens without the consent of the lien holders, unless it be apparently necessary in order to preserve the property.

4. RECEIVERS, § 33*—*protection of lien holders.* A lien holder's rights cannot be said to be fully protected by an order authorizing the issue of receiver's certificates for improvements for carrying on the business, if without such order a fund would be accumulated for the lien holder's benefit which, under the order, would go to redeem such certificates and the lien holder's only remedy would be by judicial sale.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fleming v. Anderson, Jr., 220 Ill. App. 570.

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921. Rehearing denied May 3, 1921.

C. G. HIRSCHI, for appellants; A. F. GOODYEAR, of counsel.

CLAUD N. SAUM and T. F. DONOVAN, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

The Woodland Clay Company was an Illinois corporation engaged in the manufacture of drain tile at the Village of Woodland in Iroquois county. Disputes between the stockholders resulted in the appointment of Roscoe J. Perry, as receiver for the company in the chancery case of *Fleming et al. v. Anderson et al.*, by the circuit court of Iroquois county.

September 1, 1919, the receiver took possession of the plant and continued its operations. July 28, 1920, as such receiver, he filed in the original suit, in which he was appointed receiver, a petition asking the court to authorize and empower him to issue receiver's certificates to the amount of $8,000 for the purpose of adding further kiln and drying capacity, alleging that the plant and working equipment of the company were not properly balanced so as to produce to the plant's fullest capacity, and that it was necessary that the equipment for drying and burning the tile should be increased so as to place the same on a par with the manufacturing department; and that if this be done the capacity and profits of the plant would be greatly increased without materially increasing the overhead expenses.

Appellants, William and Nellie Correll, filed objections to the petition on the ground that William Correll was a creditor of the company to the extent of $12,000 and that Nellie Correll was the holder and

owner of promissory notes of the company on which there was then due and owing more than $7,500; that she holds as collateral, to secure these notes, bonds of the company for the principal sum of $20,000, such bonds being secured by a trust deed which was a first lien on the property of the company. Appellants further objected on the ground that the proposed improvement would not be of material benefit to the company, and on the further ground that the court was without authority to issue the receiver's certificates.

Upon hearing of the petition and objections the court overruled the objections of appellants and entered an order authorizing the receiver to issue $8,000 receiver's certificates for the purpose specified in the petition. By the order these certificates when issued were declared to be a first lien upon all the plant, equipment and physical assets of the company and upon the funds, earnings and income of the company, subject to the necessary current operating expenses of the company.

The order also made the receiver's certificates which were issued and unredeemed, when the rights of Nellie Correll are finally and definitely determined, not to exceed $7,500, and accrued interest thereon, subject to her rights, if any.

The order also made it the duty of the receiver to pay and redeem such certificates as were issued by virtue of the order out of the earnings of the receivership over and above the necessary current expenses, and that the receiver should apply all of the income and earnings of the receivership over and above the current expenses, as fast as the same can be applied without affecting the practical operation of the plant, toward the liquidation and redemption of such certificates.

From the entry of this interlocutory order appellants, William and Nellie Correll, have appealed.

It is contended by appellee that the record does not show this interlocutory order to be an appealable one.

This was an order "giving other or further powers to a receiver already appointed," and under section 123 of the Practice Act (J. & A. ¶ 8661) an appeal may be taken from such order.

It is urged by appellants that the court had no power to authorize the issuing of receiver's certificates for the purpose of improvements or carrying on the business without the consent of appellants.

The object of appointing a receiver is to preserve the property for the benefit of all parties interested, and while the authority of a court to continue a business in the hands of a receiver and to charge the expenses thereof on the corpus of the property is rather an exception to a general rule than a rule itself, the court in its discretion has such right upon a proper showing being made. *Makeel v. Hotchkiss,* 190 Ill. 311; *Knickerbocker v. McKindley Coal & Mining Co.,* 172 Ill. 535; *Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84. Authorizing a receiver to issue receiver's certificates to carry on the business was formerly confined to receivers for railroads and semi-public corporations, but according to the later authorities the power of a court to grant such authority to receivers for industrial corporations is conceded. *Pittsburgh Plate Glass Co. v. Kransz, supra.*

In the exercise of this power the court should use great caution and it should only be exercised when it is made very clear to the court that it is for the best interest of all parties in interest that the power be exercised.

The court has no power to authorize the receiver of an industrial corporation to continue the business and to make receiver's certificates superior to prior liens without the consent of the holders of such liens, unless it be apparently necessary to do so in order

to preserve the corporate property of the franchises of the corporation.

In this case appellant Nellie Correll did not consent to the issuing of the certificates but objected thereto. The evidence does not show and the court in the order does not find that the issuing of the certificates was necessary for the preservation of the corporate property or the franchise of the corporation. The court only finds that, thereby, the property of the company can be better preserved and managed to the better advantage of the stockholders; that it will enhance the fair cash value of the plant more than the cost thereof and that it will be to the interests of the stockholders that the certificates be issued. The court, therefore, had no right to enter any order which would in anywise prejudicially affect the rights of the lien holder appellant, Nellie Correll.

The trust deed in question provided that on default by the Woodland Company for one month the trustee could take immediate possession of the property and continue the company's business, the expenses of operating to be subject to the lien of the trust deed, and that if the business were continued the net proceeds of the business were to be applied, first, on accrued interest and, second, on the principal due on the bonds. The trust deed provides for a sinking fund from the proceeds of the business for the payment of the bonds as they mature.

It is argued by appellee that as appellant Nellie Correll's rights were fully protected by the order, she cannot be heard to complain. It is evident, however, that her rights were not fully protected. If the business were operated at a profit (and, of course, the court should not allow it to be continued at a loss), a fund would be created in the hands of the receiver out of which, when her rights were determined, she and other creditors of the company could receive some payment therefrom. If the order were carried out,

no such fund would be in the hands of the receiver, as under the order all the funds, earnings and profits of the company were to be applied to the liquidation and redemption of the receiver's certificates, and appellant Nellie Correll's only remedy would be by judicial sale of the property. By the order her lien as against the certificates is limited to $7,500 and accrued interest, and any claim which she may have for attorney's fees, costs and expenses is made secondary to the certificates.

The order in this case was entered over the objection of appellant Nellie Correll. It was not apparently necessary for the preservation of the corporate property or the corporate franchises and it was prejudicial to the rights of appellant Nellie Correll under her prior lien. The receiver's certificates should have been subject to all the rights of Nellie Correll.

The cause is therefore reversed and remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

DIBELL, P. J., took no part.