**Equitable Trust Company of New York, Trustee, Complainant, v. Chicago, Peoria & St. Louis Railroad Company et al., Defendants.**
**Appeal of Bankers Trust Company, Trustee, Appellant, v. Bluford Wilson and William Cotter, Receivers, Appellees.**

1. RECEIVERS—*what is object of appointment.* The object of appointing a receiver is to preserve the property for the benefit of all concerned.

2. RECEIVERS—*right of court to continue business.* While the authority of a court to continue a business in the hands of a receiver is rather an exception to a general rule than the rule itself, the court in its discretion has such right upon a proper showing being made.

3. CORPORATIONS—*issuance and priority of receiver's certificates.* The power of a court to authorize a receiver of a corporation to issue certificates to enable him to carry on the business should be exercised only when it is made to appear clearly to the court that it is for the best interest of all the parties, but when it is made to appear that it apparently is necessary in order to preserve the corporate property or franchises, the court will make such certificates superior to prior liens without the consent of the holders thereof.

4. RAILROADS—*right of court to subject property to payment of expenses of reccivership.* The receivers of a railroad are the officers and agents of the court and not of the parties, and it is the right of the court, essential to its own efficiency, to subject the property to the payment of the necessary expenses of the receivership.

5. RECEIVERS—*when receiver will be appointed to carry on business.* A court will not appoint a receiver to carry on a business unless it is first made clear that to do so will be for the best interest of all parties concerned.

6. RAILROADS—*presumption as to operation of road by receiver.* A court having found that it was for the best interest of all parties concerned that a railroad be operated by a receiver, that condition will be presumed to continue until the contrary is shown, and, no petition to discontinue the operation of the road having been filed and no evidence to the contrary appearing on the hearing on a petition for permission to issue receivers' certificates, the presumption is that it is still for the best interest of all concerned that the operation of the road continue.

7. APPEAL AND ERROR—*when authorization of issuance of receivers' certificates upheld.* The exercise of the power of a court to authorize the issuance of receivers' certificates rests largely in its discretion and will be upheld on appeal if such discretion is not abused.

8. APPEAL AND ERROR—*when authorization of issuance of receivers' certificates upheld.* Upon petition of the receivers of a railroad for permission to issue certificates of indebtedness, *held* that the record did not show an abuse of discretion on the part of the circuit court and that its action in authorizing the issuance of receivers' certificates should be upheld as far as could lawfully be done.

9. APPEAL AND ERROR—*when order authorizing issuance of certificates by railroad receivers will be reversed and remanded for modification.* Where an order of the circuit court was an unconditional grant of authority to the receivers of a railroad to issue certificates of indebtedness in a sum exceeding that authorized by Act of Congress of Feb. 28, 1920, sec. 20a, without the consent and approval of the Interstate Commerce Commission, and the rules of the commission require that there shall be filed with the application for authority an opinion of counsel that the issue in respect to which authority is sought is or will be legal if authorized and approved by the commission, and the only valid basis for such an opinion would be an order of the court authorizing the issue provided it thereafter be approved by the commission, the order of the court will be reversed and remanded with direction to so modify it.

Appeal from the Circuit Court of Sangamon county; the Hon. F. W. BURTON, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded with directions. Opinion filed October 25, 1921.

WHITE & CASE and WINSTON, STRAWN & SHAW, for appellant; J. E. WAID, of counsel.

PHILIP BARTON WARREN and H. A. CONVERSE, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.
January 27, 1921, appellees, who had theretofore been by the circuit court appointed receivers for the Chicago, Peoria & St. Louis Railroad Company, in a suit brought by appellants, to foreclose a second mort-

gage of said railroad company, and also appointed, as such receivers, in a suit brought by the Equitable Trust Company of New York, as trustee, to foreclose the first mortgage of said railroad company, filed their petition in the circuit court setting up their appointment as such receivers; that except for the period of federal control they had operated said property continuously since said appointment; that on January 24, 1921, at the close of business, the cash requirements of the receivers to meet the vouchers, pay rolls and accounts arising out of their operation of the railroad were $407,841.79 in excess of their cash resources; that these items were for wages, rentals and other imperative accounts; that the receivers had already issued $165,000 worth of receivers' certificates; that they would not be able to continue the operation of the railroad and property unless immediate provision be made for their borrowing at least $335,000. Petitioners asked leave to execute certificates of indebtedness to the aggregate sum of $335,000, payable to bearer, one year from date of issue, bearing interest at not to exceed 7 per cent per annum, interest payable semiannually, being and constituting a first lien on all of the property of said railroad subject only to the $165,-000 of receivers' certificates already issued by them, and that they be authorized to sell said certificates of indebtedness at not less than 90 per cent of par, and that the proceeds of such sale be applied to the payment of the indebtedness of the receivers.

Appellant, as trustee under the second mortgage, appeared and objected to the entering of the order prayed for in the petition. The cause came on to be heard upon the petition, the objections thereto, and evidence, heard in open court, and the court entered an order, finding that the issuance and sale of receivers' certificates were indispensable to the continued safe and economical operation of the railroad and its property, and authorizing the receivers' additional certifi-

cates of indebtedness in the aggregate principal sum of \$335,000, payable one year after date, with interest thereon at 7 per cent per annum. The order directed that the receivers apply the proceeds of the sale of the certificates to the payment of indebtedness incurred by them in the operation of the property of the railroad company, as receivers thereof. By the order the receivers' certificates were made a first lien on all the property of the said railroad company and were expressly by said order given priority over said first and second mortgages. From the above order appellant has appealed to this court.

Appellant contends that the mortgage lien should not have been made subordinate to the receivers' certificates, as by so doing the mortgage lienholders' security is diluted.

The object of appointing a receiver is to preserve the property for the benefit of all concerned, and while the authority of a court to continue a business in the hands of a receiver is rather an exception to a general rule than the rule itself, the court in its discretion has such right upon a proper showing being made. *Knickerbocker v. McKindley Coal & Mining Co.*, 172 Ill. 535; *Pittsburgh Plate Glass Co. v. Kransz*, 291 Ill. 84; *Fleming v. Anderson*, 220 Ill. App. 570.

This power is to be exercised with great caution and should only be exercised when it is made to appear clearly to the court that it is for the best interest of all the parties that the power should be exercised, and, when it is made to appear that it is apparently necessary to do so in order to preserve the corporate property or the franchises of the corporation, the court will make such certificates superior to prior liens without the consent of the holder of such lien.

In the present case the evidence showed that the receivers had incurred an indebtedness in excess of \$335,000 in their operation of the road, and it was to secure money for the payment of this indebtedness

that the certificates were authorized to be issued. The receivers were the officers and agents of the court and not of the parties, and it is the right of the court, essential to its own efficiency, to subject the property to the payment of the necessary expenses of such receivership. *Beckwith v. Carroll*, 56 Ala. 12; *Pittsburgh Plate Glass Co. v. Kransz, supra.*

It is contended by appellant that a public utility cannot be compelled to exercise its franchise at a loss, or, without reasonable compensation, and that as the confiscation of private property is unlawful, when the evidence showed that the expense of operation of the railroad exceeded the receipts the court should have refused to enter the order appealed from and so compelled an abandonment of the operation of the railroad.

Whether or not the conditions which caused the deficit were temporary or permanent is not shown by the evidence. The evidence does show, however, that prior to government control the receivers operated the railroad, paid the operating expenses, the interest on some bonds, and the principal of some equipment notes, and that they have not as yet succeeded in getting from the government the amount due them on the government guaranty. The evidence also shows that the equipment of the railroad for which the railroad company in 1912-13 paid $500,000 has increased in value to $2,500,000. The only reason shown by the evidence for the deficit is the statement of the general manager of the receivers who stated that in his opinion "it is just the period of deflation that we have to go through from the wild extravagances of the World War."

A court will not appoint a receiver to carry on a business unless it is first made clear that to do so will be for the best interest of all parties concerned. No complaint is made of the action of the court in the appointment of the receivers. The court having found that it was the best interest of all parties concerned

that the railroad be operated by a receiver, that condition will be presumed to continue until the contrary is shown by the evidence.

No petition to discontinue the operation of the road having been filed and no evidence to the contrary appearing on the hearing on the present petition, the presumption is that it is still for the best interests of all concerned that the operation of the railroad continue.

The exercise of the power to authorize the issuance of receivers' certificates resting largely in the discretion of the court, if such discretion is not abused, the action of the court will be upheld upon appeal. *Town of Vandalia v. St. Louis, V. & T. H. R. Co.*, 209 Ill. 73.

We are of the opinion that the record in this case does not show an abuse of discretion on the part of the circuit court and that its action in authorizing the issuance of the receivers' certificates should be upheld so far as it can lawfully be done.

February 28, 1920, Congress added section 20a to the Interstate Commerce Act and by that section made it unlawful for any carrier to issue securities without first obtaining the consent and approval of the Interstate Commerce Commission, except as regards a limited amount of short-term securities, which limited amount will be exceeded if the entire $335,000 amount of certificates authorized by the order are issued. It is conceded by both parties that the provisions of the section apply to the issuance of the certificate in question.

The order appealed from was an unconditional grant of authority to the receivers to issue and sell the certificates and did not require them to first obtain the approval and consent of the Interstate Commerce Commission and, in so doing, was erroneous.

The rules of the commission, however, require that there shall be filed with the application for authority to issue securities, an opinion of counsel that the issue

or assumption in, respect to which authority is applied for under said section 20a is or will be legally authorized and valid if approved by the commission.

This opinion of counsel must have some existing basis in fact, and the only valid basis for such an opinion in case like the present would be an order of the court authorizing the issuance and sale of the certificates, provided such issuance and sale shall thereafter be authorized by the Interstate Commerce Commission in accordance with the provisions of said section 20a.

The order is therefore reversed and remanded with directions to the circuit court to modify said order in conformity with the views expressed in this opinion.

*Reversed and remanded with directions.*