Chicago Title & Trust Company, Appellee, v. John Arnold et al., Defendants.
Appeal of Romme & Company, Appellant.

Gen. No. 35,817.

Heard in the third division of this court for the first district at the February term, 1932. Opinion filed December 21, 1932.

ARLE URBAN and JUSTIN H. McCARTHY, for appellant.

DAVID BRANOWER, for appellee; PRITZKER & PRITZKER and ARTHUR J. GOLDBERG, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

July 25, 1928, the Austin State Bank, a corporation, was appointed receiver of the properties of the defendant in a cause entitled *G. Levant Hackley, Individually and as Trustee, v. Ambassador Theatres Corporation, et al.*, Case No. 481177, in the superior court

of Cook county. Among the properties of the defendant were certain theatres located in the City of Chicago, and the receiver was given the power under the order of appointment to carry out certain contracts between Harry Minturn, doing business as Minturn Players, and the defendant and for that purpose to continue the operation of the theatres.

On December 20, 1929, an order was entered in said cause appointing one E. L. Klein as successor receiver in the place of the Austin State Bank, which had resigned.

September 13, 1930, Klein asked for leave to resign as receiver and an order was entered discharging him and appointing the Chicago Title & Trust Company, as receiver, in lieu of and as successor to Klein in Case No. 481177.

September 11, 1930, just prior to this last order the Chicago Title & Trust Company, as trustee, filed its bill of complaint in the superior court in Case No. 523889, entitled *Chicago Title and Trust Company, a corporation, as trustee, v. John Arnold, et al.* This suit was to foreclose the lien of the first mortgage or trust deed on the premises described in the bill of complaint filed in said cause and which trust deed constituted a first lien on the property in Case No. 481177, already referred to.

September 13, 1930, an order was entered in Case No. 481177, which was the suit brought by the junior lienor extending the receivership to Case No. 523889, which was the suit brought by the trustee under the first or senior incumbrance. The order extending the receivership contained a provision to the effect that the receiver under the first incumbrance was to receive the property "free from any and all obligations, liabilities or debts of the receiver or receivership that may have been incurred by the said Klein or the said Chicago Title & Trust Company, his successor in connection with the duties of either of them as Receiver

herein.'' In other words, the receiver under cause 523889 received the property free and clear of any obligations incurred by the receiver in cause 481177.

July 1, 1931, approximately 10 months after the entry of this order, petitioner here, Romme & Company, a corporation, filed its petition in Case No. 523889, asking that it be reimbursed for the cost of printing programs and other printed matter at the request of E. L. Klein, acting as receiver in the prior action brought by the junior lienor. This petition was denied and from the order denying the petition an appeal has been prayed to this court.

A purported certificate of evidence is included in the transcript of record, from which it appears that this certificate of evidence was presented to the chancellor on February 2, 1932, and was ordered filed on February 11, 1932, *nunc pro tunc* as of February 5, 1932. The order appealed from was entered in the superior court November 6, 1931, and appears to have been entered after a full hearing. The appeal is from this order. The order appealed from contained no provision allowing the complainant to file a certificate of evidence and it nowhere appears in the record that a certificate of evidence was prayed for other than might be gathered from the order of January 6, 1932, extending the time for filing a bill of exceptions. On that date, January 6, 1932, the term at which the original order was entered had expired.

The record filed in this cause contains numerous orders and pleadings entered in cause number 481177. These orders were not presented in evidence, so far as the record discloses, nor preserved by the certificate of evidence, but were made a part of the praecipe record at the request of counsel for petitioner, Romme & Company. A motion to strike the certificate of evidence from the record was entered in this court and continued until the hearing. We are of the opinion that the motion should be allowed. There was no

order entered within the term granting the filing of the certificate of evidence, nor was it presented to the trial court until after the term had expired. Counsel for petitioner, Romme & Company, in their reply brief, say: "On the other hand Appellant considers the certificate of evidence as but of little importance in this case." In view of the position taken by petitioner, a consideration of the certificate of evidence is not necessary to a decision of the case and it will be stricken from the record.

Upon the record as it now stands, the petitioner seeks to establish a claim in a proceeding brought by the trustee of the first trust deed, for services rendered for a receiver in a prior suit brought by a junior lienor. The proceedings in Case No. 481177 are not before this court and are not properly part of this record. This is an appeal from an order entered in Case No. 523889, which is a separate and distinct proceeding. The order denying the prayer of the petition states that it was entered after a full hearing. Petitioner should have presented his claim in apt time in the proceedings in the superior court in which Klein was receiver and under whose authority the work, if any, was done. No appeal was taken from the order extending the receivership to Case No. 523889 "free from any and all obligations, liabilities or debts of the receiver or receivership that may have been incurred by the said Klein." The only claim petitioner had was to the moneys in the hands of Klein and this should have been presented prior to his discharge.

Courts authorize receivers to continue the business of a corporation with caution. Its main purpose is to preserve the property and it is only when it is clearly in the interest of all parties that a continuation of the business is authorized. When a business is permitted to be run by a receiver, the returns from the operation of the business can properly be used to pay operating

expenses, and claims incurred by the receiver should be protected. *Makeel v. Hotchkiss,* 190 Ill. 311.

Under the order extending the receivership in this case clear of all liabilities, the receiver, in the action brought by the first mortgagee, received it free and clear of any liability. *Fleming v. Anderson, Jr.,* 220 Ill. App. 570. The claim of the petitioner in this case, if any, is against the funds, if any there are, in the hands of the receiver in the prior action, and not against the receiver appointed under the first mortgage. The first or senior trust deed covered not only the property but the rents, issues and profits, and the receiver thereunder was entitled to apply them on the senior incumbrance after its appointment as receiver.

For the reasons stated in this opinion the order of the superior court denying the petition is affirmed.

*Order affirmed.*

HEBEL and HALL, JJ., concur.