Rockwell Lime Company, Complainant, v. Elizabeth C. Schlegel et al., Defendants. A. J. Horn, Appellee, v. Frank G. Ockerlund and Algot Berg, Appellants.

**Gen. No. 36,329.**

Opinion filed May 24, 1933.

BENSON, FITCH & HEINEMANN, for appellants.

MAX M. and SAMUEL GROSSMAN, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This was an appeal from an order entered in the circuit court in which, on the petition of a lessee of the premises, the court ordered the receiver to reduce the rent from $1,000 per month to $750 per month for a period of six months. The original bill was one to foreclose a mechanic's lien. A receiver was appointed and an order entered authorizing the receiver to issue $30,000 worth of receiver's certificates to complete the building. Thereafter the receiver secured an order from the court authorizing him to accept a proposal of Horn, the contractor, under which Horn was to complete the building, and in consideration therefor was to accept the certificates. At the same time, the receiver gave Horn a lease on the building at a rental of $1,000 per month. Subsequently, Horn filed a petition asking for a reduction of the rent of the premises in question.

The petition was heard after notice given. All parties were in court and the matter fully argued and presented. The petition was under oath and after the hearing the court announced that it would grant the prayer for the reduction in rent. After the hearing and the announcement of the court, the intervening petitioners, Ockerlund and Berg, asked for leave to answer the petition, which was denied. The motion for leave to answer after the hearing came too late.

It is insisted that the order disposed of the rights of the parties to six months' rent and was, therefore, appealable. With this position we are unable to agree. The motion was for a reduction of rent in the future and the estate was, therefore, not deprived of any assets. The question was one of administration and came within the sound discretion of the court. Such matters are not subject to review.

In the case of *Mercantile Trust Co. v. Farmers' Loan & Trust Co.*, 81 Fed. 254, the court in its opinion said:

"1. The issue in the court below presented a question of business policy, and not a question of law. The decision and order of the court were administrative, rather than judicial. That court and its receivers were not liable for the debts nor bound by the obligations of the mortgagor when they took possession of its property. The receivers, under the direction of the court, had the option to assume or to renounce the leases of the branch roads, which they found in the possession of the mortgagor, within a reasonable time after their appointment. *Ames v. Railway Co.*, 60 Fed. 966, 970, 971, and cases there cited. In due time, they recommended the renunciation of these leases, and asked permission to execute it; but the master, after a full hearing upon the facts and the law, recommended their assumption. The question before the master and the court was, which course would be of

greater advantage to the trust estate? This was a question of business policy, upon which the minds of reasonable men might well differ. None of the parties in interest had the absolute legal right to a determination of this question in either way. The appellant, by bringing its bill in the court below, had imposed upon that court the duty of deciding which course would be of greater benefit to the trust estate confided to the receivers. It decided that the assumption of the leases would be. One who invokes the aid of a chancellor to operate railroads, and to control and conduct vast business operations, on his behalf, ought not to be permitted to reverse the administrative orders of the court for mere mistakes of business judgment. Administrative orders, which involve mere questions of business policy in the conduct of a receivership, are largely discretionary, and should not be disturbed by an appellate court, in the absence of any abuse of the discretion of the chancellor. Since there was no abuse, but the most careful and deliberate exercise, of its discretion by the court below, we think the order appealed from should not be disturbed.''

We concur in the reasoning of the case from which we have quoted, and for the reasons stated the order of the circuit court is affirmed.

*Order affirmed.*

HEBEL and HALL, JJ., concur.