Heitman Trust Company, Appellee, v. Harry Lanski et al., Defendants.

Appeal of Columbus Park Hotel Building Corporation, Appellant.

Gen. No. 37,384.

Opinion filed June 11, 1934.

H. J. ROSENBERG, for appellant; SAMUEL JASTROMB, of counsel.

BERGER & NEWMARK, for appellee; LAWRENCE S. NEWMARK and GERALD G. BOLOTIN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the Columbus Park Hotel Building Corporation from an order entered November 3, 1933, which dismissed its petition for want of equity. The facts are not in dispute. May 9, 1933, the Heitman Trust Company as trustee filed its bill to foreclose a trust deed executed July 15, 1928, conveying to complainant trust company certain premises in the City of Chicago, county of Cook, to secure an issue of bonds to the aggregate amount of $165,000. The trust deed was executed and delivered by Harry Lanski and Anna Mae Lanski, his wife, the then owners of the premises. The bill alleged that default had been made in the payment of the bonds, taxes and assessments; that the premises were located at 311-313 North Central avenue and are improved by a three-story brick building containing 105 rooms, operated as a hotel building and rented from day to day and from week to week to

transient tenants; that these premises were scant and meager security for the protection of the indebtedness and did not exceed $102,000 in value, which was much less than the total indebtedness secured by the trust deed. The bill prayed for the appointment of a receiver and for the foreclosure of the trust deed. The bill was duly verified and a copy of the trust deed which contained numerous covenants was attached to the bill and made a part of it.

May 19, 1933 (due notice having been served) on motion of the trustee, an order was entered finding that the trust deed pledged the rents, issues and profits of the premises as additional security, and that the premises were scant and meager security for the protection of the indebtedness, and adjudging that a receiver be appointed of the real estate and of its rents, issues and profits. The order directed that the grantors and all persons claiming through them should attorn to the receiver; that the receiver might have power to make leases of the real estate as he might from time to time deem advisable, to make necessary and needful repairs, subject to the approval of the court, to pay taxes and redeem the premises from tax sales, and that he be vested with the general powers of a receiver in chancery. No appeal was taken from this order, nor does the record indicate that any objection was made to the entry of it.

May 25th the Columbus Park Hotel Building Corporation, the owner of the equity, filed its petition, setting up these former proceedings and stating in substance that the premises were improved with a three-story building and high basement, containing approximately 102 hotel rooms; that petitioner had been conducting the business of a hotel on the premises for a period of four years and was in exclusive possession of the premises, other occupants being its guests; that it owned the furniture and equipment and all personal

property necessary for the proper conduct of the business in which it had invested approximately $25,000; that it had a trained organization familiar with the operation of a hotel; that the sums paid by guests for services rendered included not only compensation for the use of that portion of the premises occupied by such guests but also for services rendered to them as guests; that it desired to continue to operate the business of the hotel upon the premises and was willing to pay a reasonable commercial rental; that it believed such sum to be $500 a month plus one-third of the gross income in excess of $2,500, which it offered to pay to the receiver as such commercial rental for the premises, or such sum as the court might deem proper after a hearing; that the premises were not susceptible of successful operation except as a hotel; that the receiver had no authority, right or power to do anything with the premises other than lease the same for such purpose for the reason that he was receiver "solely of the *res*, consisting of the building upon the premises involved herein," and that in order to successfully operate a hotel upon the premises it was necessary that the receiver have the personal property and equipment then upon the premises, in which he had no right, title or interest of any kind; that such personal property was in no way subject to the lien of the trust deed and it was impractical and impossible for the receiver to obtain the personal property necessary for the proper operation of the hotel upon the premises; "that the conduct of a hotel is a highly hazardous and speculative commercial enterprise which the receiver has no authority in law to conduct, and which the court in the foreclosure of the trust deed involved in this cause has no authority to confer upon such receiver"; that in view of all the conditions the best interests of all the parties would be preserved by permitting the petitioner to operate the business

and to pay a reasonable rental; that upon the qualification of the receiver, petitioner made known its position by written communication (which is set up in full in the petition) and that thereafter it was decided the issues raised should be submitted to the court for decision by presentation of the petition.

The petition requests that pending its hearing the receiver should be instructed to desist from disturbing the guests of the hotel by service of notice, etc.; "that upon a hearing hereof it may be adjudged and decreed that your petitioner is the owner of the premises involved herein and is operating thereon a hotel which constitutes a hazardous and speculative enterprise, and that the said premises for its highest and best use should be operated as such hotel; that it may be further adjudged and decreed that the receiver has no power or authority in law to conduct such enterprise upon the said premises, and that your petitioner should be permitted to continue in the operation of such hotel business upon said premises upon paying a reasonable commercial rental therefor to said receiver." The petition also prays for other relief and is duly verified.

The trustee in its answer admitted the allegations as to the construction of the building and possession, denied knowledge of the ownership of the personal property, denied that $500 a month plus one-third of the gross income in excess of $2,500 was reasonable rental, alleged, on the contrary that it was grossly unfair, denied that the receiver was without authority, right or power to do anything with the premises other than to lease the same, asserted that it was not only receiver of the *res* but also of the furniture and equipment, denied that it was without right, title or interest to any of the personal property; asserted that the personal property was subject to the lien sought to be foreclosed, denied that it was practically impos-

sible for the receiver to obtain personal property necessary for the proper operation of the hotel upon the premises, and denied that the operation of a hotel was hazardous and speculative and that it was without authority at law to conduct such enterprise as alleged; averred that the original loan was for the purpose of constructing the hotel building and that for the protection of the owners of the bonds the grantors had covenanted under article 18 of the deed, as follows:

"Article 18. The party of the first part and for their heirs, administrators, executors or assigns, do hereby agree immediately upon the erection of the building, to completely furnish the building erected or to be erected upon the premises hereinabove described, and to keep the same so completely furnished until this trust deed shall be duly released, so that said building during all such time may be operated furnished, or as a furnished hotel or apartment hotel."

The answer alleged that the grantors were bound by the terms of the trust deed to keep the building completely furnished until the trust deed was duly released, so that the building would be operated as a furnished hotel or apartment hotel; that by reason of this provision the receiver was not only receiver of the building but of the equipment and furniture placed in the building by the makers of the trust deed; asserted that after the appointment of the receiver, petitioner refused to deliver possession but insisted that the receiver enter into a lease and that the receiver did not obtain possession until May 25, 1933, when after hearing before the court possession was turned over to the receiver; that the receiver had therefore been in possession of the premises only 10 days and had not had sufficient opportunity to determine its actual rental value. The answer also denied the operation of the hotel was so highly hazardous as

to prevent the receiver from operating for a reasonable period of time to determine its reasonable rental value and determine whether any other offer could be obtained; and set up that there had been a default in general taxes levied on the premises for the year 1928 and subsequent years, and that the general taxes then due exceeded $12,000; that under the terms of the Skarda bill receivers might be appointed to operate hotel apartments and any and all properties for the sole purpose of collecting the income therefrom and using the income to reduce and pay the taxes due upon the premises. The trustee asked the prayer of the petition be denied.

Upon a hearing of the petition and the answer, the order appealed from.was entered.

Appellant has submitted a brief and has been heard in oral argument against the order. Although other cases are cited, reliance is placed upon *Whitley v. Challis*, 1 Ch. (Eng.) 64 (1892), a case clearly distinguishable in that there the bill was not brought to foreclose a trust deed or mortgage, but rather the suit was based on an agreement by which one of the parties orally agreed to execute a valid mortgage which would be in such form and contain such powers, covenants and provisions as the solicitor or counsel of the mortgagee should require. The mortgage was in fact never executed, although a hotel was built upon the premises and a hotel was conducted on these and adjoining premises not subject to the agreement. The mortgagee brought an action for sale or foreclosure and a receiver was appointed. The order appointing the receiver provided that he should also "manage the business carried on upon the said premises." The appeal was brought for the purpose of having this part of the order stricken out. Lord Justice Lindley pointed out that the solution of the question depended upon what rights the mortgagee got as security, said

that he did not have a legal mortgage; he had only an agreement for a mortgage and that agreement was the measure of his rights. The court was of the opinion that under the circumstances the oral agreement to make a mortgage did not include the conveyance of the good will and business of the hotel; and it was held that the court was without power to appoint a receiver for the business upon the facts disclosed. It is apparent that the main question raised by the petition in this case was not involved there, namely, whether the operation of a hotel is so highly hazardous and speculative that a court is without authority or power to authorize a receiver to conduct a business of that kind. The trustee contends (plausibly) that while the case below was brought by petitioner upon that theory, such theory has been abandoned by him in this court. This, of course, petitioner has no right to do. *Chicago v. University of Chicago*, 228 Ill. 605; *Levy v. Standard Plunger Elevator Co.*, 296 Ill. 295. Whether or not a court of chancery may authorize receivers to operate a hotel business or any other business depends upon the circumstances of each particular case. It may be conceded that ordinarily the power to permit a receiver to carry on any business ought to be exercised with great care and caution. *Chicago Title & Trust Co. v. Arnold*, 268 Ill. App. 450; *Makeel v. Hotchkiss*, 190 Ill. 311; *First Nat. Bank of San Francisco v. Detroit Trust Co.*, 248 Fed. 16. The question is ordinarily one which concerns a purely administrative duty and is not the proper subject of appeal unless abuse of discretion is shown. *Mercantile Trust Co. v. Farmers' Loan & Trust Co.*, 81 Fed. 254; *Rockwell Lime Co. v. Schlegel*, 270 Ill. App. 598. Here, under section 18 of the trust deed, we think the court was not without power to grant to the receiver the control of the personal property and temporarily, at least, to authorize him to carry on the business of con-

ducting a hotel upon the premises. Section 18 of the trust deed grants to the trustee the express power to do this for the purpose of securing the debt due to the bondholders who furnished the money by which the construction of the hotel building was made possible, and the owners by express covenant agreed ''to completely furnish'' the building erected ''and to keep the same so completely furnished until this trust deed shall be duly released, so that said building, during all such time, may be operated furnished or as a furnished hotel or apartment hotel.''

We hold that this article must be construed to grant the right to operate a hotel upon the premises until such time as the trust deed may be released. The powers of a receiver appointed by the court certainly would not be less than those of the trustee named in the trust deed. If the article should be construed not to expressly grant such right, the right would necessarily be implied. *Peek v. Trinsmaran Iron Co.*, 2 Chan. Div. 115; *Campbell v. Lloyds, Barnetts & Bosanquets Bank*, 1 Chan. Div. 136 (1891); *Glouchester Banking Co. v. Rudry Merthyr Coal Colliery Co.*, 1 Chan. Div. 629 (1895); *In re Leas Hotel Co.*, 1 Chan. Div. 332 (1902).

For the reasons indicated the order is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.