THE TOWN OF VANDALIA *et al.*

*v.*

ST. LOUIS, VANDALIA AND TERRE HAUTE R. R. CO. *et al.*

*Opinion filed April 20, 1904.*

1. RECEIVERS—*what not ground for reversing orders to receiver to issue certificates.* Uncertainty as to the result of the litigation which a receiver is authorized by the court of his appointment to prosecute, is not ground for reversing the order of the court authorizing him to borrow money for carrying on the suit and to issue receiver's certificates therefor.

2. SAME—*power to issue receiver's certificates rests largely in discretion of court.* The exercise of the power to issue receiver's certificates rests largely in the discretion of the court, and if such discretion is not abused the action of the court will be upheld.

3. SAME—*when a decree appointing a receiver cannot be collaterally attacked.* A decree appointing a receiver, whether erroneous or not, cannot be collaterally attacked if the court had jurisdiction of the subject matter and of the necessary parties.

4. SAME—*writ of error does not lie to review order appointing a receiver.* An order appointing a receiver, which does not settle or adjudicate rights of property, is interlocutory, and no writ of error lies to review it; nor can an appeal be taken in the absence of a statute authorizing the same.

5. SAME—*when appointment of receiver does not adjudicate any right or title.* Mere appointment of a receiver with authority to reduce the estate to his possession does not determine any property right nor affect the title of any party.

6. SAME—*effect of statute authorizing appeal from order appointing a receiver.* Under the act of 1887 (Laws of 1887, p. 250,) an appeal may be taken to the Appellate Court from an interlocutory order appointing a receiver, but the action of the Appellate Court is conclusive until the final determination of the case, when the same may be reviewed with the other steps in the suit.

7. SAME—*whether charges are well founded does not affect jurisdiction to appoint receiver.* Whether the charges in a bill for the appointment of a receiver for a corporation are well founded or not does not affect the jurisdiction of the court to make the appointment.

*St. L., V. & T. H. R. R. Co.* v. *Vandalia,* 109 Ill. App. 498, reversed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Bond county; the Hon. B. R. BURROUGHS, Judge, presiding.

CHARLES W. THOMAS, for plaintiffs in error:

The power to issue receiver's certificates is always exercised by the court, by which it is its duty to protect the trust funds in its hands. Beach on Receivers, sec. 380.

Upon the appointment of a receiver in this State, the court making the appointment comes into constructive possession of the *res*, no matter where situated, and its receiver is vested with title thereto. *Richards* v. *People*, 81 Ill. 551.

Where the court has jurisdiction of the person of the defendant, it may make decrees and orders affecting his property which is situated outside its jurisdiction. Beach on Receivers, sec. 243; *Sercomb* v. *Catlin*, 128 Ill. 564.

Where it is clear that the circumstances require the exercise of the powers of a court of equity, the fact that no precedent can be found in which relief has been granted under a similar state of facts is no reason for refusing it. *Dodge* v. *Cole*, 97 Ill. 364; *Ward* v. *Farwell*, id. 593.

Receivers' certificates are not negotiable instruments in the same sense that equities existing between the original parties will be sacrificed in favor of *bona fide* purchasers for value. All parties dealing in such securities are bound to take notice of the terms of the order of the court authorizing their issue, and take them subject to the final action of the court and the rights of parties having prior liens upon the property who have not had their day in court. 24 Am. & Eng. Ency. of Law, (2d ed.) p. 41; *Turner* v. *Railroad Co.* 95 Ill. 134.

JOHN G. WILLIAMS, and T. J. GOLDEN, for defendants in error:

The decrees appointing a receiver and directing the issue of receiver's certificates are final decrees, in the sense that either of them will sustain an appeal or writ of error. *Farmers' Loan and Trust Co., Petitioner*, 129 U. S. 206; *Central Trust Co.* v. *Grant*, 135 id. 207; *Blake* v. *Blake*, 80 Ill. 523; *Foss* v. *Foss*, 100 id. 576; *McCormick* v. *Park Comrs.*

118 id. 655; *People* v. *Circuit Court*, 169 id. 201; *Forgay* v. *Conrad*, 6 How. 203; *Winthrop Iron Co.* v. *Meeker*, 109 U. S. 180; *Lewis* v. *Campau*, 14 Mich. 458; *Taylor* v. *Sweet*, 40 id. 736; *Arnold* v. *Bright*, 41 id. 207; *Morey* v. *Grant*, 48 id. 326.

This court, in determining the propriety of the order directing the issue of receiver's certificates, will examine the entire record, regardless of the ground upon which the Appellate Court based its decision, and determine the validity of the appointment of the receiver. *Vila* v. *Grand Island Co.* 94 N. W. Rep. 136; *Dry Plate Co.* v. *Heyn Co.* 77 id. 660; *Buchanan* v. *Insurance Co.* 96 Ind. 510.

There is no jurisdiction in equity to appoint a receiver except in a pending suit instituted to obtain the relief which a court of equity is authorized to grant, and only in aid of such relief. *Baker* v. *Backus*, 32 Ill. 79; *People* v. *Weigley*, 155 id. 491; *Coquard* v. *Oil Co.* 171 id. 480.

No decree should have been entered appointing a receiver, because the equities of the bill were fully denied under oath, and no evidence whatever was adduced in support of the bill to overcome the sworn answers. High on Receivers, (3d ed.) sec. 24.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiffs in error, who are stockholders of the St. Louis, Vandalia and Terre Haute Railroad Company, filed their bill in the circuit court of Bond county against the said railroad company and its directors and executive officers, the defendants in error, charging said directors and officers with mismanagement of the affairs of the corporation and managing the same in the interest and for the purposes of other railroad companies in which they were interested as officers or otherwise, to the prejudice of the complainants and others, as stockholders. The bill alleged that the said directors and officers had fraudulently issued preferred stock entitled to dividends at seven per cent before any dividend could be declared

on other stock, for the purpose of diverting the funds of the corporation and absorbing its earnings so that holders of common stock should receive no dividend; that they had fraudulently appropriated funds of the company to pay for construction, betterment and equipment furnished to it; that the railroad and equipment had been leased to the Terre Haute and Indianapolis Railroad Company, and was in the possession of a receiver of that company appointed by the circuit court of the United States for the District of Indiana; that the Pennsylvania Railroad Company, through the agency of the Pennsylvania Company, acquired a large interest in the Terre Haute and Indianapolis Railroad Company, and had obtained entire control, through its board of directors, of the St. Louis, Vandalia and Terre Haute Railroad Company, the defendant; that no steps were taken by said officers and directors to collect large amounts of rent which were due from the lessee, and that said directors and officers acted in the interest of the Pennsylvania Railroad Company and the Terre Haute and Indianapolis Railroad Company, in which they were interested, in disregard and violation of their duty as such directors and officers. The bill charged them with a purpose to continue such fraudulent conduct and disregard of their duty, and prayed for an injunction against further misappropriation of the funds of the St. Louis, Vandalia and Terre Haute Railroad Company, and for the appointment of a receiver to take charge of the property of said corporation, except the railroad property in the custody of said receiver, and to collect all moneys due or to become due said corporation, including moneys due for rentals, and to commence and prosecute suits and collect moneys wrongfully paid out, and also for general relief. The defendants answered, denying the material averments of the bill, and replications having been filed a hearing was had, and the court, on September 27, 1901, appointed a receiver of the property of the St. Louis, Vandalia and

Terre Haute Railroad Company, except its railroad and the equipment thereof, and authorized said receiver to reduce said property to his possession, and to bring suits generally, in his discretion, without limit or restraint. From that decree the defendants prosecuted an appeal to the Appellate Court for the Fourth District. The Appellate Court affirmed the decree so far as the appointment of a receiver was concerned, but reversed it as to the provisions authorizing the receiver to bring suits against whomsoever he might choose, in his own discretion. The order was modified by the Appellate Court so that the receiver was authorized to bring suit for the collection of rent due the corporation at his own discretion or to forfeit the lease in case of non-payment, but he was not authorized to commence or prosecute any other suits without leave of the court. The circuit court was directed to enter the order as so modified, and the cause having been re-instated in the circuit court, the order was entered.

After the re-instatement in the circuit court the receiver filed his application, asking for leave and direction to bring certain specified suits and proceedings which were alleged to be necessary to protect the estate in his hands and to administer his trust as a receiver. The court granted the application, and on September 18, 1902, entered an order authorizing said receiver to demand from the receiver of the Terre Haute and Indianapolis Railroad Company the rent then due, or from time to time to become due, under the lease, and to declare a forfeiture of the lease in case of non-payment; to bring suit against the Terre Haute and Indianapolis Railroad Company, or its receiver, or both, either by intervention in the United States court or otherwise, and to commence and prosecute a suit or suits against the Pennsylvania Railroad Company and the Pennsylvania Company for moneys received by them belonging to the corporation of which he was receiver. Afterward the receiver filed

his petition, stating that he had demanded from the receiver of the Terre Haute and Indianapolis Railroad Company, the lessee, the rent due under the lease; that there was in the hands of said receiver over $600,000 of such rents due to the Vandalia Company; that the United States court had entered an order directing the receiver, in his discretion, to pay the rent due and to become due under the lease to the Vandalia Company, with certain deductions; that there was on deposit with the Pennsylvania Company the sum of $279,000 belonging to the Vandalia Company, and that said receiver of the lessee and other railroad companies refused to pay him anything, and that he was without means to employ counsel to carry out the order and decree of the court. He therefore asked for authority to issue receiver's certificates to such an amount as might be necessary for such purpose. On November 17, 1902, the court granted the petition, and entered an order authorizing the receiver to borrow $20,000 and to issue certificates bearing interest, which should be a lien upon the rents,. issues and profits of the corporation, subject to its bonded debt, and payable out of the first moneys coming into his hands, and to use the proceeds for the employment of counsel and for the necessary purposes of prosecuting the suits. From that order ,the defendants again appealed to the Appellate Court for the First District, which reversed the order, and the writ of error in this case was sued out to review said judgment of reversal.

The reason given in the opinion of the Appellate Court for reversing the order was, that there was no property in the possession of the receiver and nothing upon which to base the certificates except the uncertain results of the proposed litigation, and therefore it was an improper exercise of the powers of the court to authorize the certificates to be issued and placed on the market. Defendants in error make no attempt to defend the reasoning of the Appellate Court or to justify the

judgment for the reasons given, but say that the real question involved is whether the receiver was lawfully appointed in the first instance. It is very clear that the reasons given afford no ground for reversing the order of the circuit court and requiring that court to abandon all attempts to enforce its own decrees. To appoint a receiver and authorize him to bring suit upon an apparently valid claim, and then deny him the means to do so, would be without precedent and without justification. There was no denial of the averments of the petition, and it is not denied by counsel for defendants in error that the Terre Haute and Indianapolis Railroad Company, or its receiver, owes the Vandalia Company a very large amount of money. The receiver refused to pay it, and it was necessary to the administration of the receivership that the suit should be brought. The reason for borrowing the money was, that the receiver might execute the decree of the court and obtain possession of the property committed to his care, and the power of the court to authorize him to borrow money upon the faith of the large sum due cannot be doubted. The fact that the result of the litigation is not certain affords no reason for refusing the authority. If the certificates are negotiated they must be sold to persons who will take the risk that the rentals will be recovered. The power to issue receiver's certificates is to be exercised very largely in the discretion of the court, and if the discretion is not abused the act of the court will not be reversed or set aside. In this case the circuit court was governed by the principles regulating the exercise of judicial discretion, and the Appellate Court erred in reversing the order.

The defendants in error make no claim that the order of the circuit court appealed from was not proper if there was a lawful receivership, but they insist that the circuit court erred in appointing the receiver and the Appellate Court erred in affirming the appointment on the former appeal, and they have assigned cross-errors to

the following effect: That on the appeal from the order now in question authorizing the receiver to borrow money the Appellate Court should have examined the entire record and dismissed the bill for want of equity; that the decree of the circuit court appointing the receiver was void for want of power to make such appointment, and the Appellate Court should have so held, and that the Appellate Court should have reversed the original decree and all orders made in the case. On this writ of error neither party has raised any question of the right of defendants in error to appeal from the order of the circuit court to the Appellate Court, or the right of plaintiffs in error to sue out the writ of error from this court to review the judgment of the Appellate Court, and we regard the jurisdiction in each case as conceded. The history of the case, as given above, shows that there was an appeal from the order appointing the receiver to the Appellate Court, and that that court approved of the appointment and affirmed the order; with a modification as to the directions to the receiver. That appeal was taken by virtue of a statute authorizing it, and in the absence of such a statute the order could not have been reviewed, either by appeal or writ of error. An order appointing a receiver which does not settle or adjudicate rights of property is interlocutory and no writ of error lies to review it. The mere appointment of a receiver with authority to reduce the estate to his possession does not determine any right nor affect the title of either party. He is the officer of the court appointed on behalf of all parties to take the possession and hold it for the benefit of the party ultimately entitled. (*Coates* v. *Cunningham*, 80 Ill. 467.) A decree removing a receiver is not a final decree, but interlocutory, merely, and a writ of error does not lie to review it. (*Farson* v. *Gorham*, 117 Ill. 137.) The right of appeal in any case is a statutory right, and it does not exist except where given by the statute which creates, limits and controls the right.

No appeal lies from an order appointing a receiver unless the statute authorizes an appeal. (2 Cyc. 611.) The right of appeal from an order appointing a receiver must therefore be found in the statute, and can only be exercised as therein provided. The only statute authorizing the appeal from the order appointing the receiver is the act to provide for appeals from interlocutory orders granting injunctions or appointing receivers, in force July 1, 1887. (Hurd's Stat. 1899, p. 226.) That act provides that whenever an interlocutory order or decree is entered in any suit pending in any court in this State appointing a receiver, an appeal may be taken from such interlocutory order or decree to the Appellate Court of the district wherein is situated the court granting such interlocutory order or decree. No further appeal is allowed, but it is prohibited in the following language: "No appeal shall lie or writ of error be prosecuted from the order entered by said Appellate Court in any such appeal." Of course, a judgment of the Appellate Court affirming an interlocutory order does not change the character of the order affirmed, which remains interlocutory, and may be reviewed, as one of the steps in the case, in this court upon a final disposition of the case, but there can be no further appeal or review until there is a final adjudication. In this case there has been no final order, judgment or decree determining the rights of the parties. The controversy has not been determined. Questions of fact in issue are unsettled. No execution has been awarded, and nothing has been done except to appoint a receiver and to authorize him to recover property, and for that purpose to issue certificates which will be a lien upon the property when recovered. To permit a review of the interlocutory order appointing the receiver, and the judgment of the Appellate Court affirming it, whenever any step is taken in the administration of the receivership, would be to nullify the provision of the statute limiting the appeal to the Appellate Court.

It is contended, however, that the circuit court was lacking in jurisdiction to appoint a receiver, and that the order of appointment is for that reason absolutely void and may be attacked at any time. Wherever the court has jurisdiction of the subject matter and of the necessary parties its appointment of a receiver cannot be questioned in a collateral proceeding, whether erroneous or not. (*Richards* v. *People,* 81 Ill. 551.) However erroneous such an order may be, it is binding not only on the parties, but everywhere, until reversed by superior authority. If the court has no jurisdiction to appoint a receiver, as in a case where there is no law authorizing the appointment, the order of appointment is absolutely void and it may be attacked collaterally. (*People* v. *Weigley,* 155 Ill. 491.) This is not a collateral attack in which the appointment or the receiver's title is involved, and the order of appointment is not void. The court had jurisdiction of the subject matter and of the parties necessary to give the jurisdiction.

Defendants in error say that their answers ought to have been held sufficient to overcome the evidence, and the court was not justified in finding the fraud and mismanagement charged in the bill, and that other parties alleged to be indebted to the corporation ought to have been made defendants. Whether such claims are well founded or not, they do not affect, in any way, the jurisdiction of the court to appoint a receiver for the corporation, which was in court with its officers and directors against whom the charges were made. The defendants in error were parties to the suit and bound by the order until it should be set aside by competent authority. The only appeal allowed by law was to the Appellate Court, and its decision was conclusive until there should be a final adjudication in the case.

The judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

*Judgment reversed.*