## DYNAMITE DRUGS, INC. *v.* KERCH.

[No. 26,824. Filed October 26, 1937.]

*Bates & Bates* and *Louis Rosenberg,* for appellant.

*Samuel J. Mantel* and *George P. Doyle,* for appellee.

TREANOR, J.—This is an appeal from an order of the Superior Court of Marion County, Room One, appointing a receiver for the defendant Dynamite Drugs, Inc.

The material facts of the complaint are as follows: Prior to the 28th day of July, 1936, William Kerch, plaintiff, owned and operated a drug store located at 3515 Rockville Road, Marion County, Indiana. James H. Taylor agreed with plaintiff to cause a corporation to be formed to be known as the Dynamite Drugs, Inc.; the agreement being that Kerch turn over to said corporation the personal property used in connection with the drug store located at 3515 Rockville Road, and Taylor to pay into the corporation an amount equal to $1,100. The capital stock of the corporation was to be divided equally between Kerch, plaintiff, and Taylor, or

to be issued to the assignees and nominees of plaintiff and Taylor.

The corporation was formed on July 28, 1936, and plaintiff alleged that he turned over to said corporation his interest in the drug store located at 3515 Rockville Road, but that Taylor failed to pay in the sum of $1,100. Plaintiff further alleged that Taylor had taken charge of the drug store and excluded plaintiff from participating in the operation thereof; that Taylor caused meetings of the board of directors and stockholders to be held without sending notice to plaintiff; that Taylor absented himself from said drug store and that the affairs of the drug store had been mismanaged; and that the Dynamite Drugs, Inc. was threatened with a multiplicity of suits and was in imminent danger of insolvency. Plaintiff asked that a receiver be appointed to take charge of the assets of defendant corporation and to operate the business of Dynamite Drugs, Inc.

The cause was submitted to the court for trial on plaintiff's complaint and the court ordered a receiver appointed "to take charge of and conserve the assets of the defendant corporation."

The errors relied upon for reversal are (1) the court erred in appointing a receiver for appellant, and (2) the court erred in appointing a receiver to take charge of the business and assets of appellant.

The record of the trial court's proceedings contains the following entry: ". . . and the court having heard the evidence, and being duly advised in the premises, now finds for the plaintiff, and that a receiver be appointed for the defendant; that the defendant has been mismanaged in that its corporate affairs have not been handled by its board of directors; that the officers of the defendant corporation were not properly elected by its board of directors, and that there has not been proper accounting for the operation of the defendant corpora-

tion; that the defendant has unpaid accounts owing, and is threatened with legal actions which may result in the dissipation of the defendant's assets, and that the defendant is in imminent danger of insolvency, and that it is to the best interests of the defendant and its stockholders that a receiver be appointed to take charge of and conserve the assets of the defendant."

The foregoing entry definitely declares the trial court's conclusions of facts upon which the order of appointment was based. There was evidence to support such conclusions and the only question for determination upon appeal is whether the existence of such facts furnished a legal basis for the order of appointment of a receiver "to take charge of an conserve the assets of the defendant."

The sole business activity of Dynamite Drugs, Inc. was the conducting of a single retail drug store. The evidence discloses that the instant suit for the appointment of a receiver was precipitated by disagreements between the appellee Kerch and James Taylor, who had been responsible for the organization of Dynamite Drugs, Inc., and who had expected to share equally in the ownership of the stock to be issued. The evidence tends to show, and the trial court so concluded, that the corporate affairs of Dynamite Drugs, Inc. were not being controlled by its board of directors; that the officers of the defendant corporation had not been elected regularly by its board of directors, and that there had not been a proper accounting for the operation of the business affairs of the corporation, and further, that the business venture was entirely controlled and operated by Taylor, and that Dynamite Drugs, Inc. was being prevented from exercising its corporate purpose.

An examination of the grievances of appellee discloses that most of them could be remedied, theoretically, by suits directly against those who are controlling

the affairs of the corporation. But such procedure would involve protracted litigation and no doubt would result in further dissension and would seriously endanger the business of which Dynamite Drugs, Inc. is the owner. In view of the small volume of business transacted by Dynamite Drugs, Inc. and taking into consideration the irreconcilable differences between the stockholders, we can not say that the trial court was not justified in concluding that "ample justice to the parties"[1] would be served by the appointment of a temporary receiver to manage and conserve the assets of the corporation, under the direction of the court, until the stockholders could compose their differences and properly elect a board of directors who would assume responsibility for the management of the corporate business.

The evidence would not have supported an order of the court empowering the receiver to liquidate the assets of the corporation; nor was the evidence sufficient to justify an order which would have empowered the receiver to manage the business of Dynamite Drugs, Inc. indefinitely. The order appointing the receiver should have limited by express terms the duration of the receivership to such time as would be necessary to adjust the differences of Kerch and Taylor and to restore the management of the business to properly elected officers. If the defendant below had made a motion to modify the order appointing the receiver it would have been the duty of the trial court expressly to have limited the power of the receiver; but no objection was made to the form of the order. But it is clear from the entire entry that it was not the intention of the trial court to

1. Section 3-2601 Burns' Indiana Statutes Annotated, §1146 Baldwin's Ind. St. 1934. "A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases:

\* \* \*

"Seventh. . . . where, in the discretion of the court, or the judge thereof in vacation, it may be necessary to secure ample justice to the parties."

authorize the receiver either to liquidate the business or to continue the management beyond the exigencies disclosed by the evidence. Since the cause of the receivership will remain on the docket of the Superior Court of Marion County, Room One, for further orders of the court, the appellant can, by appropriate proceedings, cause the activities of the receivership to be limited to the achieving of the legitimate objectives of the receivership.

We conclude that the trial court did not exceed its power in appointing a receiver and that the judgment of the trial court should be affirmed, and the judgment is affirmed.