(No. 31013.—

ESTELLE R. FIREBAUGH *et al., vs.* FRANCIS W. McGOVERN *et al.*—(SCOVILLE, INC., Appellee, *vs.* LORA W. BICK-NELL, Receiver, Appellant.)

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

WILSON & McILVAINE, (J. F. DAMMANN, and F. A. REICHELDERFER, of counsel,) all of Chicago, for appellant.

ARTHUR ABRAHAM, of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

A receiver, appointed by the superior court of Cook County to operate an apartment hotel pending litigation to determine who were the qualified officers of the corporation owning the property, appeals from a judgment of the Appellate Court for the First District. By the terms of the Appellate Court decision, an order of the superior court overruling certain objections to the receiver's final report was reversed and the cause remanded with directions to sustain all objections to the report. *Firebaugh* v. *McGovern,* 336 Ill. App. 61.

It will be necessary to state in some detail the proceedings leading to the judgment from which this appeal is taken. On December 2, 1947, plaintiffs filed a complaint in the superior court of Cook County alleging that they were stockholders and duly elected directors and officers of Scoville, Inc.; that the principal asset of the corporation was an apartment hotel containing sixty-five apartments; that by virtue of a stock-voting trust its trustees had elected defendants as directors and officers of the corporation and that by its terms the stock-voting trust ex-

pired on October 1, 1947; that defendants were no longer authorized to act in the capacity of directors and officers; that they nevertheless refused to deliver up the books and records of the corporation and continued to manage its affairs; and that unless defendants were prevented from purporting to act as directors and officers, irreparable damage would be done to plaintiffs and other stockholders. The complaint prayed that defendants be restrained from acting as directors or officers and from disbursing the funds of the corporation. It further requested that the former secretary and treasurer be ordered to turn over the books, records and funds of the corporation to the duly qualified secretary and treasurer.

Without answering the complaint, the defendants, on December 12, filed a petition alleging that the banks holding the corporate funds refused to honor checks because of the dispute as to who were the proper directors and officers, and that unless operating expenses were paid irreparable damage would be caused to the apartment hotel. The petition prayed that an order be entered directing the banks to honor checks signed by the defendant officers and that such other and further relief be granted as the court should deem just and proper. An answer to this petition was filed by plaintiffs, admitting that the operating expenses of the corporation should be paid, but asserting that any order entered should require the banks to honor checks signed by the plaintiff officers. The answer otherwise resisted the relief prayed for in defendants' petition, and asked that a temporary injunction be granted in accordance with the prayer of the complaint.

The court on its own motion then appointed the existing manager of the hotel, one Lora W. Bicknell, a receiver for the premises, and ordered that a bond be filed by her for the faithful performance of her duties as such. The receiver was directed to collect the rents and pay operating expenses until the case was determined, and to render a

report to the court. On appeal by the plaintiffs, the order appointing a receiver was subsequently reversed by the Appellate Court, on the ground that the trial court was without jurisdiction to enter such an order. (*Firebaugh v. McGovern,* 334 Ill. App. 79.) In the meantime plaintiffs had filed a petition stating that a corporate meeting was held on March 8, 1948, that certain named plaintiffs had thereupon been elected directors and officers, and that the controversy concerning the identity of the proper officers no longer existed. Defendants made no objection to this petition, and the court entered an order directing the receiver to deliver the building and certain funds to the plaintiff officers, and to file a final account of her receipts and disbursements. The final account was filed on March 22, 1948, a week before the Appellate Court announced its decision reversing the order appointing the receiver.

On April 8, 1948, the corporation filed objections to the account, basing its contentions on the holding of the Appellate Court that the order appointing the receiver was void for lack of jurisdiction. The item for compensation as receiver, and for necessary attorney's fees for services to the estate, was objected to. The appellant's claim for compensation paid to herself as manager, a position held by her at the time of her appointment as receiver, and for which she had regularly been paid $180 per month plus the use of one apartment, was likewise objected to, the corporation not only seeking a disallowance of the $180 monthly salary but seeking to recover as well the rental value of her apartment. Nor was that all the advantage the plaintiffs wished to obtain from the receivership. The corporation also sought to surcharge her account for all the disbursements reported for operating expenses, the total sum being $8709.18. At the hearing on the objections appellant testified that the expenses and disbursements listed in her report were the usual and ordinary expenses of running the hotel. The objector offered no evidence

contradicting this testimony. The trial court thereafter entered an order finding that the appellant had collected as receiver the sum of $19,344.04 in the operation and management of the hotel, and that she disbursed for its necessary maintenance the total sum of $8709.18, leaving a balance of $10,634.86. The court further found that all of the disbursements were proper and necessary to the ordinary maintenance of the property. The order sustained the objection to any compensation for services as receiver and for attorney's fees, because of the Appellate Court decision, but overruled objections to the payment of a manager's salary and to the expenditures for maintenance and operation. On appeal by the corporation the Appellate Court rendered a judgment reversing the order and remanding the cause with directions to sustain all the objections to the report. Leave to appeal from this judgment has been granted to the receiver.

On this appeal from the judgment in question, the former order of the Appellate Court, reversing the order appointing the receiver, is now reviewable. That appeal was taken by virtue of section 78 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 202,) authorizing such an appeal and providing that no appeal shall be taken from the order entered by the Appellate Court. In the absence of such a statute the order of the trial court could not have been directly reviewed at all, for the mere appointment of a receiver is an interlocutory matter effecting no determination of the right or title of either party. The receiver is an officer of the court appointed on behalf of all parties to take possession and hold it for the benefit of the party ultimately entitled. (*Town of Vandalia* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 209 Ill. 73, 80.) The statute does no more than grant an immediate right to review the order itself; it does not change the interlocutory character of the order. The judgment of an Appellate Court reviewing such an order may there-

fore itself be reviewed as a part of the case after there has been a final adjudication. See *Town of Vandalia* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 209 Ill. 73, 81.

Appellant correctly urges that the Appellate Court decision in 334 Ill. App. 79, holding that the superior court was without jurisdiction to appoint a receiver, is erroneous. In our opinion the record shows not only that the trial court had jurisdiction but that it reasonably and wisely exercised that jurisdiction. We can find no ground whatsoever for disturbing its order appointing a receiver. The facts stated in plaintiffs' complaint and defendants' petition disclosed that the right to operate the corporation was claimed by each of two contending groups of officers; that because of such controversy the banks holding the corporation's funds refused to honor either the signatures of the new officers or those of the old officers, on the checks of the corporation, thereby tying up the corporation's funds; that a serious suspension of business was threatened, and a material depreciation in the value of the corporation's assets was imminent as a result thereof. The defendants alleged that unless operating expenses are paid, irreparable damage will be caused to the hotel. This was not denied by plaintiffs, who admitted that the operating expenses should be paid. Under such circumstances, the court clearly had power to appoint a receiver for the purpose of preserving the assets of the corporation and preventing irreparable loss or injury pending the suit.

At an early date this court recognized the existence of such a power and the general purposes for which it is employed. Thus, in *Baker* v. *Administrator of Backus,* 32 Ill. 79, at page 96, we observed: "This power to appoint a receiver is most usually called into action either to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction. A receiver is defined to be an indifferent person between the

parties, appointed by the court, and on behalf of all parties, and not of the complainant or one defendant only, to receive the thing or property in litigation, pending the suit." Later this court had occasion to remark that "The appointment of a receiver is a branch of equity jurisdiction not dependent upon any statute and rests largely in the discretion of the appointing court. It had its origin in the English court of chancery at an early date, and it was incidental to and in aid of the jurisdiction of equity to enable it to accomplish, as far as practicable, complete justice among the parties before it, the object being to secure and preserve the property or thing in controversy for the benefit of all concerned pending the litigation, so that it might be subjected to such order or decree as the court might make or render." *Chicago Title and Trust Co.* v. *Mack,* 347 Ill. 480, 483.

The inherent power of a court of equity to appoint receivers of corporations, independently of statutory authorization, has likewise been recognized in other jurisdictions. (See, *e.g., Connolly* v. *Gishwiller,* (C.C.A. 7th, 1947) 162 Fed. 2d 428, Cert. denied 332 U.S. 825; *Boyle* v. *Superior Court,* 176 Cal. 671, 170 Pac. 1140; *Dynamite Drugs, Inc.* v. *Kerch,* 212 Ind. 568, 10 N.E. 2d 624; *Jordan* v. *Austin Securities Co.* 142 Kan. 631, 51 Pac. 2d. 38.) Thus, it is generally regarded as grounds for the appointment of a receiver that the directors are so managing or disposing of the corporate business or assets in their own interest that such assets will probably be lost or destroyed before a decree can be rendered, that internal dissensions are deadlocking the corporation so as to frustrate or threaten its purposes and objects, that a failure or refusal of directors to meet and transact business is jeopardizing the interests of the stockholders, or that other conditions of dissension, dispute, fraud or mismanagement exist which make it impossible for the corporation to carry on its business or preserve its assets until a settlement is reached.

In such situations the receiver is not appointed to close up the affairs of the corporation or effect its dissolution but to preserve its property and continue its function until the dispute is adjudicated. Generally stated, the purpose of a limited receivership such as the trial court created, and the giving of bond in connection therewith, is to insure the protection and preservation of the corporate assets pending a judicial determination as to the merits of the controversy.

While the remedy is a drastic one and is not properly employed, even for the purpose of preservation, except in cases of urgent necessity where there is a present danger to the interests of the stockholders, consisting of a serious suspension of the corporate business and a threatened depreciation in the value of its assets, it is nevertheless an inherent part of the general equity power of the court where the ultimate relief requested in the complaint is within the scope of its jurisdiction. In such cases, therefore, the question on appeal is not one of jurisdiction but of error, and is limited to the inquiry whether the trial court improperly exercised its power to appoint the receiver.

The distinction should be noted between cases wherein the ultimate relief sought is within the general or statutory jurisdiction of the court and those wherein such ultimate relief is beyond its jurisdiction. In the former class the appointment of a receiver, if made upon an insufficient showing of necessity or danger, is not void but is merely an abuse of discretion, rendering the order subject to a reversal on appeal. In the latter class of cases, however, the court having no jurisdiction to adjudicate the principal matter, its orders purporting to grant the ancillary relief of temporary receivership are likewise beyond its jurisdiction and as such are void.. This was the situation present in *Steenrod* v. *Gross Co.* 334 Ill. 362, relied upon by appellee, wherein a stockholder sought dissolution of a solvent

corporation and distribution of its assets. It is pointed out in the opinion that "The relief sought by the bill in this case was the settlement of the affairs of the corporation, the application of its assets to the payment of its debts, and, after the payment of its debts, the winding up of its affairs and the distribution of its assets among its stockholders. The appointment of a receiver was a mere incident to that relief to enable the court to take possession of the property and business of the company and finally wind up its affairs. The court had no general equity powers in the case. It was without jurisdiction, under the statute, to grant the ultimate relief prayed by the bill, had no power to appoint the receiver and order him to take possession and control of the assets, and being wholly without jurisdiction in the case its orders were void." In the case at bar, on the other hand, there is no such absence of jurisdiction to grant the relief prayed in the complaint. It is within the power of a court of equity to entertain a suit by stockholders to restrain defendants from acting or attempting to act as directors or from interfering with persons properly acting as directors where such defendants were not properly elected, (*Hall* v. *Woods,* 325 Ill. 114,) and appellee makes no contention to the contrary.

The order appointing a receiver was fully warranted by the situation disclosed in the pleadings. The allegations relating to the necessity for payment of operating expenses, the dispute as to who were the proper officers, the resulting refusal of the banks to honor checks signed by either group as officers of the corporation, and the threatened suspension of operations amply support the conclusion that the assets of the corporation were in imminent danger of serious loss and injury. The trial court, therefore, neither exceeded its jurisdiction nor abused its discretion in appointing the receiver, and the Appellate Court erred in reversing that order. It must follow, therefore, that the

152

receiver is entitled to credit for the disbursements set up in her account, the evidence being uncontradicted that they represented the usual· and ordinary expenses of operating the property. As the appellant made no objection to the disallowance of compensation for services as receiver and for attorney's fees in connection therewith, and made no assignment of cross error thereon in the Appellate Court, those items cannot be considered here.

For the errors discussed, the judgments of the Appellate Court, which reversed the orders of the superior court appointing a receiver and approving the receiver's final account, are reversed and the cause remanded to the Appellate Court, with directions to affirm the orders of the superior court as entered therein.

*Reversed and remanded, with directions.*