Witters, et al. v. Hicks, et al. - Rec'd 3/7/03

Rule 23 order filed
 NO. 5-02-0250

March 17, 2003;

Motion to publish granted
 IN THE

April 8, 2003.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

C. MICHAEL WITTERS and DIANE WITTERS, )  Appeal from the

Individually and Derivatively on Behalf of Midwest )  Circuit Court of

Transit, Inc., )  Lawrence County.

)

     Plaintiffs-Appellees, )

)

)  No. 00-L-2

)

HAL D. HICKS, )

)

     Defendant-Appellant, )

)

and )

)

MIDWEST TRANSIT, INC., )

)

     Defendant-Appellee )  Honorable

)  James V. Hill,

(Fifth Third Bank, Indiana, Intervenor-Appellee). )  Judge, presiding.

________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

C. Michael Witters and Diane Witters (plaintiffs), individually and derivatively on behalf of Midwest Transit, Inc. (MWT), a nonpublic corporation, filed a three-count complaint in the circuit court of Lawrence County against Hal D. Hicks and MWT.  The complaint alleged that Hicks, a 50% shareholder, had breached his fiduciary duty to plaintiffs and had converted corporate assets for his own use.  Plaintiffs sought statutory relief pursuant to section 12.56 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/12.56 (West 1998)) and money damages.  The circuit court of Lawrence County granted a partial summary judgment in favor of plaintiffs and entered an order to dissolve MWT and to appoint a liquidating receiver for purposes of winding up and liquidating the business and affairs of the corporation.  Hicks appeals this judgment pursuant to Illinois Supreme Court Rules 307(a)(2) and (a)(3) (188 Ill. 2d. Rs. 307(a)(2), (a)(3)).  

The case is not new to this court.  A number of interlocutory appeals have been filed  that either are pending or have recently been decided.  The early procedural history of the case was set forth in 
Witters v. Hicks
, 335 Ill. App. 3d 435, 780 N.E.2d 713 (2002), a decision that we issued during the pendency of this appeal.  That history will not be recounted here.  The record in this case has grown since 
Hicks
.  The record on appeal now before us contains more than 5,900 hundred pages of pleadings, responses, and orders and an additional 3,000 pages of transcripts from hearings on discovery issues, summary judgment motions, and discovery violations.  For purposes of this appeal, we need not summarize all of that activity.  We will set forth only the facts and the procedural history pertinent to the issues raised in this appeal.

On January 21, 2000, plaintiffs filed a complaint alleging that Hicks, a director, officer, and shareholder of MWT, was engaged in illegal, oppressive, and fraudulent acts; that Hicks misapplied and wasted corporate assets; and that as a result of Hicks's conduct, MWT suffered or was in danger of suffering irreparable harm and plaintiffs, as 50% shareholders of MWT, were deprived of their rights and financial interests.  Plaintiffs requested money damages and a variety of remedies pursuant to section 12.56(b) of the Act (805 ILCS 5/12.56(b) (West 2000)).  The requested relief included orders to remove Hicks as an officer and director of MWT, to enjoin Hicks from conducting any business that would endanger MWT's assets, to appoint a custodian  to manage the business of MWT, to order a corporate accounting, and to order a dissolution of the corporation if all other remedies were found to be inadequate.

Early in the proceedings, the parties stipulated to the entry of a temporary restraining order to protect the status quo with respect to the solvency of MWT.  According to the stipulated order, Hicks was prohibited from taking any funds or receivables of MWT for his own use.  Subsequently, the trial court issued a preliminary injunction with similar prohibitions.  On November 16, 2000, the court granted a motion for sanctions and struck Hicks's pleadings, including his answer, affirmative defenses, and counterclaims, and entered a judgment against the defendants on all issues of liability because of numerous and repeated discovery violations.  A hearing on the issue of the appropriate remedies and monetary sanctions was to be scheduled at a later date.

On March 21, 2001, plaintiffs filed a motion for the appointment of a receiver to run the business of MWT.  In the motion, plaintiffs alleged that MWT's directors and shareholders were deadlocked, that Hicks had stolen money from the corporation, that Hicks failed to keep current and accurate financial corporate records, that Hicks had wasted or dissipated corporate assets and engaged in acts of self-dealing, and that this conduct caused irreparable harm to the corporation.  Following an evidentiary hearing, the trial court entered an order appointing an interim receiver for MWT and waiving the receiver's bond.  In its  order, entered July 25, 2001, the court found that the evidence established that the directors were deadlocked and that the deadlock threatened the management of corporate affairs and  the ability of MWT to carry on its business.  The court also found that the evidence established that Hicks had misapplied corporate assets and engaged in fraudulent, illegal, and oppressive acts.  The court concluded that MWT's business and existence were in "immediate jeopardy," and the court appointed an interim receiver to run the business of MWT until the litigation was resolved.  Don Hoagland was appointed as the interim receiver.  The court also granted plaintiffs' motion to waive bond for the receiver.  Hicks appealed.
(footnote: 1)
 Pretrial proceedings continued while the case was on appeal.  On October 26, 2001, plaintiffs filed a motion for a partial summary judgment asking the court to enter an order to dissolve the corporation pursuant to section 12.56 of the Act and to appoint a liquidating receiver pursuant to section 12.60(e) of the Act (805 ILCS 5/12.60(e) (West 1998)).  Following a hearing, the trial court granted plaintiffs' motion.  On February 22, 2002, the trial court ordered the dissolution of MWT and appointed Don Hoagland to serve as the liquidating receiver.  On March 15, 2002, plaintiffs moved for a waiver of the receiver's bond.  After considering Hicks's objections, the trial court granted the motion and waived the receiver's bond.  It is from these orders that Hicks now appeals.

In his first point, Hicks contends that the trial court lacked jurisdiction to enter an order appointing a liquidating receiver while the order granting the interim receiver was on appeal.  Hicks argues that the February 22, 2002, order is an impermissible modification of the order on appeal because it extends the authority and powers of the interim receiver.

The appeal of an interlocutory order does not divest the trial court of all jurisdiction in a case.  See 
Payne v. Coates-Miller, Inc.
, 68 Ill. App. 3d 601, 608, 386 N.E.2d 398, 403-04 (1979); 
Cygnar v. Martin-Trigona
, 26 Ill. App. 3d 291, 293, 325 N.E.2d 76, 78 (1975). Rather, it restrains the trial court from entering any order which would change or modify the  order on appeal
 
or which would have the effect of interfering with the review of that order.  See 
Payne
, 68 Ill. App. 3d at 608, 386 N.E.2d at 403-04; see also 
Lind v. Spannuth
, 8 Ill. App. 2d 442, 452, 131 N.E.2d 796, 802 (1956) (Feinberg, J., specially concurring).  Orders entered after the filing of a notice of appeal are valid if the substantive issues in the interlocutory appeal are not altered so that they present a new case to the reviewing court.  
R.W. Dunteman Co. v. C/G Enterprises, Inc.
, 181 Ill. 2d 153, 162, 692 N.E.2d 306, 312 (1998).  

The trial court retains jurisdiction to hear and determine matters which arise independently of and are unrelated to that portion of the proceeding that is before the reviewing court.  After reviewing the record, we conclude that the issues regarding the dissolution of MWT were independent of the order appointing an interim receiver. 

An interim receiver or custodian is appointed to manage the business and affairs of the corporation under the conditions and for the term established by the court.  See 805 ILCS 5/12.56(b)(6), 12.60(h) (West 1996).  The receiver's duties include preserving the corporate assets and carrying on the business of the corporation until a full hearing can be held in regard to the shareholder's action.  
Firebaugh v. McGovern
, 404 Ill. 143, 150, 88 N.E.2d 473, 476 (1949).  Generally, an interim receiver may be appointed if (1) the directors are managing or disposing of the corporate business or assets in such a manner to serve their own interests so that the assets will probably be lost or destroyed before a decision on the merits, (2) internal dissensions are deadlocking the corporation and frustrating or threatening its purpose or objectives, (3) the failure or refusal of directors to meet and transact business is jeopardizing the interests of the shareholders, or (4) other conditions of dissension, dispute, fraud, or mismanagement exist that make it impossible for the corporation to carry on its business or preserve its assets until a settlement is reached.  
Firebaugh
, 404 Ill. at 149, 88 N.E.2d at 476.

A liquidating receiver may be appointed once the court orders the dissolution of the corporation.  805 ILCS 5/12.60(e) (West 1998).  A liquidating receiver is appointed to close up the affairs of a corporation or to effect its dissolution.  
Firebaugh
, 404 Ill. at 150, 88 N.E.2d at 476.  The powers and duties of the liquidating receiver are set forth in the order of appointment, but those duties may be revised by the court throughout the proceedings.  805 ILCS 5/12.60(e) (West 1998).  The court may authorize the liquidating receiver to collect the assets of the corporation, to sell, convey, or otherwise dispose of  assets of the corporation, and to wind up and liquidate the corporation's business and affairs.  805 ILCS 5/12.60(e) (West 1998).

The appointment of an interim receiver and the appointment of a liquidating receiver are different remedies.  Each remedy has a specific purpose.  The facts and circumstances in a particular case will determine which remedy applies.  Though there may be some overlap in the evidence, the remedies are distinct.

The propriety of the order appointing an interim receiver was at issue in 
Hicks
.  In that case, the issue was whether the evidence established that the appointment of an interim receiver was necessary to prevent the dissipation of the corporate assets or the destruction of the corporate business until the disputed issues could be resolved.  A liquidating receiver is not appointed to preserve the assets and the business of corporation but to wind up its affairs and to liquidate its assets.  Thus, the decision regarding the appointment of a liquidating receiver involves different considerations.  Before a liquidating receiver can be appointed, the court must find that conditions of dissension, dispute, fraud, or mismanagement make it impossible for the corporation to continue to function and that a dissolution is the only adequate remedy.  In our view, the judgment regarding the dissolution and liquidation did not modify the order appointing an interim receiver and did not interfere with the appellate review of that order.  That appeal did not divest the trial court of jurisdiction to consider and to rule on matters raised in the summary judgment motion.

In his next point, Hicks contends that the trial court erred in appointing a liquidating receiver because there were legal remedies and less intrusive equitable remedies available to the trial court.  Hicks notes that plaintiffs have prayed for money damages and argues that equitable remedies are not appropriate because there is an adequate legal remedy.  Alternatively, Hicks argues that there were equitable remedies, less intrusive than a dissolution, available to the trial court, including a sale of stock to Hicks, a statutory election under section 12.56(f) of the Act (805 ILCS 5/12.56(f) (West 1998)), or a public sale of the company pursuant to section 12.56(b) of the Act.  Hicks also argues that the evidence does not support the appointment of a liquidating receiver.

In the order directing that MWT be dissolved, the trial court specifically stated that it had considered the financial condition of the company and all of the facts and the evidence presented during a number of hearings and found "that no remedy specified in subdivisions (1) [through] (11) of [section] 12.56(b), or any other alternative remedy, is sufficient to resolve the matters in dispute."  The court also noted that the facts established in the interim hearing had not changed and that recent filings "strengthened the case for a liquidating receivership."

According to section 12.56(b)(12) of the Act, the circuit court may order the dissolution of a corporation if it determines that the statutory remedies available in subdivisions (1) through (11) and other alternative remedies are insufficient to resolve the matters in dispute.  805 ILCS 5/12.56(b)(12) (West 1998).  The record reveals that the trial court considered alternative remedies throughout the early stages of the litigation.  The trial court explored, albeit unsuccessfully, an independent appraisal of the corporation, the sale of the corporation, and a buyout of one shareholder by the other.  In addition, the court considered Hicks's section 12.56(f) petition to purchase plaintiffs' shares of stock but determined that it was untimely and therefore not available as a remedy.  That determination was affirmed in 
Hicks
.  
Hicks
, 335 Ill. App. 3d at 445, 780 N.E.2d at 722.

In this case, there is evidence that Hicks failed to produce some of the corporate records and had other records destroyed and that this activity occurred at a time when Hicks and the company were under the supervision of the court-appointed receiver.  According to the record before us, no one has been able to make a true evaluation of the business or a fair assessment of the stock value.  It does not appear that an accounting has been completed.  Factors to be considered in determining the fair value of shares include the market price for the shares, the nature of the business and its history, the economic outlook of the business and the specific industry, and the book value and financial condition of the business.  
Taxy v. Worden
, 181 Ill. App. 3d 97, 101-02, 536 N.E.2d 901, 904 (1989).  The failure to preserve the corporate records evidences dishonesty in keeping a true, honest, and intelligible accounting of the corporate business.  See generally
 Chicago Mutual Life Indemnity Ass'n v. Hunt
, 127 Ill. 257, 286-87, 20 N.E. 55, 64 (1889).  Such conduct subjects shareholders to constant uncertainty regarding the value of their investments and to a constant vulnerability to fraud.  The evidence of the ongoing oppression, coupled with evidence that the shareholders are deadlocked with respect to MWT's business operations, supports a finding that alternative remedies are inadequate.  See 
Gidwitz v. Lanzit Corrugated Box Co.
, 20 Ill. 2d 208, 220, 170 N.E.2d 131, 138 (1960).  Based on this record, we cannot say that the trial court erred in entering an order of dissolution and appointing a liquidating receiver. 

In his third point, Hicks asserts that the trial court erred in waiving the bond for the liquidating receiver.  Hicks points out that section 2-415(a) of the Code of Civil Procedure  (735 ILCS 5/2-415(a) (West 1992)) directs the party seeking the appointment of a receiver to give a bond and that the bond can only be waived by the court upon notice and a full hearing.  Hicks contends that the court's order is improper because on this waiver issue there was neither notice of a hearing nor a full hearing.  Hicks also argues that there are few circumstances under which a bond can be waived and that those circumstances are not applicable to the facts of this case.

Hicks correctly notes that there was no discussion of the receiver's bond during the February 22, 2002, hearing on plaintiffs' motion for a summary judgment on the dissolution and receiver issues.  However, there was a hearing on the issue of a bond.  According to the record, plaintiffs distributed a proposed order regarding the summary judgment during the February 22, 2002, hearing.  The court did not enter the order at that time.  In letters dated February 25, 2002, and March 12, 2002, Hicks notified the court of his objections to plaintiffs' proposed order, including an objection to the bond-waiver provision.  Hicks objected to the bond-waiver provision on the grounds that the issue had not been addressed during the February 22, 2002, hearing and that a noticed hearing had not been held on the issue.  Hicks also argued that a bond was necessary to protect his financial interests.  Thus, Hicks's objections were filed with the court.  Those objections were taken up during a hearing held on March 15, 2002.  During that proceeding, Hicks had an opportunity to cross-examine the appointed receiver and to make arguments to the court.  Hicks did not present any witnesses or offer other evidence in support of his position, though he had an opportunity to do.  The record clearly establishes that Hicks had notice and an opportunity to contest the bond-waiver issue.

Following a hearing, the trial court determined that a bond was unnecessary.  In its March 25, 2002, order, the court gave the following reasons for its decision:

"[T]he Court further finds that bond is not necessary.  The facts established in the interim hearing have not been altered or changed.  Recent filings have, if anything, strengthened the case for a liquidating receivership.  No danger is threatened to the company.  The company, which was previously insolvent, is now making a profit.  All asset sales in excess of $5,000.00 and all debt compromises are subject to prior court approval, and the liquidating receiver is to obtain prior court approval of this plan of dissolution."

 The legislature has given the circuit court discretion to determine whether a bond should be required and, if so, in what amount.  Section 2-415(a) of the Code of Civil Procedure states as follows:

"§2-415.  Appointment of and actions against receivers.  (a) Before any receiver shall be appointed[,] the party making the application shall give bond to the adverse party in such penalty as the court may order and with security to be approved by the court conditioned to pay all damages including reasonable attorney's fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside.  Bond need not be required[] when[,] for good cause shown, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond."  735 ILCS 5/2-415(a) (West 1998).

Section 12.60(g) of the Act provides that a receiver "shall give such bond as the court may direct with such sureties as the court may require."  805 ILCS 5/12.60(g) (West 1998).

In this case, the testimony and the reports of the interim receiver indicate that the financial position of the corporation had improved since the appointment of the interim receiver.  The record indicates that the receiver eliminated some of the debt, preserved the corporate assets, and kept the business in operation.  There is no evidence indicating that the receiver was incompetent or would compromise the interests of the corporation or of Hicks. The trial court noted that Don Hoagland had become familiar with the corporation through his work as interim receiver.  The court pointed out that he was familiar with the corporate obligations, the interests of the creditors and shareholders, and the value of the corporation as far as that could be judged given the problems resulting from missing records.  The court placed tight restrictions on the receiver's activities in winding up the business, required court approval for any transaction involving corporate assets and debts, and required court approval of any plan of dissolution.

Where there is evidence to support an application for a bond waiver, the objector must present some evidence or argument to demonstrate that his interests will be jeopardized if a bond is not posted.  Hicks has failed to make that showing.  Nevertheless, the record in this case leads us to conclude that plaintiffs should post a reasonable bond to protect the interests of all parties in this case.  Even without an accounting, it appears that substantial assets are at issue and that the parties and creditors have claimed interests in those.  In addition to the complexities of liquidation, the path of the litigation and the nature of the proceedings demonstrate that a bond is required to protect all interests.  We therefore remand the case to the circuit court to assess a reasonable bond to be posted by plaintiffs.

In his final point, Hicks alleges that the trial court erred in granting a summary judgment because there are genuine issues of material fact regarding plaintiffs' ownership of stock and their standing to sue.  Hicks claims that plaintiffs lacked standing to file suit because they acquired their stock without consideration and through a breach of a fiduciary duty.

In Illinois, standing is an affirmative defense.  
Greer v. Illinois Housing Development Authority
, 122 Ill. 2d 462, 494, 524 N.E.2d 561, 575 (1988).  The defendant has the burden to plead and prove a lack of standing.  
Greer
, 122 Ill. 2d at 494, 524 N.E.2d at 575.  In this case, Hicks raised the issue of plaintiffs' standing as an affirmative defense in his answer and in a motion to dismiss.  However, the trial court struck all of Hicks's pleadings and affirmative defenses and granted a judgment in favor of plaintiffs as sanctions for discovery violations.  Upon the entry of the sanctions order, plaintiffs' standing was not an issue.  The point is without merit.

Accordingly, the judgment of the circuit court ordering the dissolution of MWT and appointing a liquidating receiver is affirmed, the order granting plaintiffs' motion to waive the receiver's bond is reversed, and the cause is remanded to the circuit court to assess a reasonable receiver's bond to be posted by plaintiffs.

Affirmed in part and reversed in part; cause remanded with directions.

CHAPMAN and WELCH, JJ., concur.

                                      NO. 5-02-0250

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

C. MICHAEL WITTERS and DIANE WITTERS, )  Appeal from the

Individually and Derivatively on Behalf of Midwest )  Circuit Court of

Transit, Inc., )  Lawrence County.

)

     Plaintiffs-Appellees, )

)

)  No. 00-L-2

)

HAL D. HICKS, )

)

     Defendant-Appellant, )

)

and )

)

MIDWEST TRANSIT, INC., )

)

     Defendant-Appellee )  Honorable

)  James V. Hill,

(Fifth Third Bank, Indiana, Intervenor-Appellee). )  Judge, presiding.

___________________________________________________________________________________

Rule 23 Order Filed:
 March 17, 2003

Motion to Publish Granted:
 April 8, 2003

Opinion Filed
: April 8, 2003

___________________________________________________________________________________

Justices
: Honorable Gordon E. Maag, J.

Honorable Melissa A. Chapman, J., and

Honorable Thomas M. Welch, J.,

Concur

___________________________________________________________________________________

Attorney
 Lyndon P. Sommer, Sandberg, Phoenix & von Gontard, P.C., One City Centre,

for
 15th Floor, 515 North Sixth Street, St. Louis, MO 63101-1880

Appellant
 

___________________________________________________________________________________

Attorneys
 Karen L. Kendall, Brad A. Elward, Timothy L. Bertschy, Mark D. Hansen, Heyl,

for
 Royster, Voelker & Allen, Suite 600, Bank One Building, 124 S.W. Adams Street,

Appellees
 Peoria, IL 61602 (for C. Michael Witters and Diane Witters)

Terry Sharp, Law Office of Terry Sharp, P.C., 1115 Harrison, P.O. Box 906, Mt.

Vernon, IL 62864; Sharon D. Shanahan, Law Offices of Sharon Shanahan, 2750

Lakeshore Drive South, P.O. Box 319, Goreville, IL 62939 (for Midwest Transit,

Inc.)

Andrew C. Ozete, Bamberger, Foreman, Oswald & Hahn, LLP, 7th Floor, Hulman

Building, 20 N.W. 4th Street, P.O. Box 657, Evansville, IN 47704 (for Fifth Third

Bank, Indiana  - NO BRIEF FILED)

___________________________________________________________________________________

FOOTNOTES
1:
On September 4, 2002, we affirmed the order appointing the interim receiver.  
Witters v. Hicks
, 335 Ill. App. 3d 435, 780 N.E.2d 713 (2002).  After reviewing the record, we concluded that there was overwhelming evidence that Hicks had converted corporate assets for his own personal use, that Hicks had failed to properly account for income generated by a loan program in violation of generally accepted accounting principles, that Hicks had used MWT personnel to bid contracts for a competing business which he owned, and that Hicks's conduct demonstrated a pattern of fraudulent and illegal activity.  In our decision, we noted that the trial court had not given any reasons for waiving the receiver's bond, and we remanded the case with directions to require the receiver to give a bond pursuant to section 12.60(g) of the Act (805 ILCS 5/12.60(g) (West 1998)).